**MANDATE**

18-2268
Jordan v. United Health Grp. Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand nineteen.

PRESENT:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges,*
> CLAIRE R. KELLY,
> > *Judge.*\*

---

**Annette Jordan,**

> *Plaintiff-Appellant*,

v.   18-2268

**United Health Group Incorporated**,

> *Defendant-Appellee*.

---

FOR PLAINTIFF-APPELLANT:   Annette Jordan, *pro se*, Kenmore, NY.

FOR DEFENDANT-APPELLEE:   Beverly Garofalo, Jackson Lewis P.C., Albany, NY.

---

\* Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.

MANDATE ISSUED ON 10/24/2019

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*; McCarthy, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Annette Jordan, *pro se*, sued her former employer, United HealthCare Services, improperly identified as United Health Group, ("United") under Title VII for discrimination, hostile work environment, and retaliation. She alleged that her supervisor, Ellen Lalley, discriminated against and harassed her because of her race, and later disciplined and fired her in retaliation for filing a complaint with the Equal Employment Opportunity Commission ("EEOC"). The district court granted United's summary judgment motion with respect to all of Jordan's claims. With respect to her discrimination claim, the court reasoned that Jordan had not met her *prima facie* burden because she failed to provide evidence of similarly situated employees being treated more favorably. As for Jordan's hostile work environment claim, she did not demonstrate that she was subjected to severe or pervasive conduct, the court found, and even if she had, she could not show it was attributable to her race. On the subject of her retaliation claim, the court determined that she had not established a causal connection between her EEOC charge and her termination. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any

2

material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

## I. Discrimination

Title VII claims are evaluated under the *McDonnell Douglas* framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 82–83 (2d Cir. 2015). To prevail on such a claim, a plaintiff must first establish a *prima facie* case of discrimination. *See McDonnell Douglas Corp*, 411 U.S. at 802. In so doing, a plaintiff has the burden of establishing, *inter alia*, that an adverse employment action took place and the action occurred under circumstances giving rise to an inference of discrimination. *Id.*

Jordan's argument that she offered evidence of similarly situated employees who arrived at work late but were not disciplined for their tardiness is without merit. The district court properly concluded that Jordan failed to establish a *prima facie* case of discrimination because she could not demonstrate that any other employees were similarly situated. While similarly situated employees who receive different treatment can be evidence of discrimination, the employees "must be similarly situated in all material aspects." *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir. 1997). To satisfy the "all material respects" requirement, a plaintiff must show that similarly situated employees "engaged in comparable conduct," meaning there is a "reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases," such that "the conduct for which the employer imposed discipline was of comparable seriousness" to the conduct of the similarly situated but undisciplined employees. *Graham v. Long Island Railroad*, 230 F.3d 34, 40 (2d Cir. 2000).

3

As the magistrate judge reasoned, Jordan did not offer any evidence showing that her co-workers' absences and late arrivals were "unplanned," *i.e.*, unapproved, and therefore subject to discipline. Further, the purported comparators were not similar in all material respects; one employee was on a flexible schedule due to a medical condition, another held a position different from Jordan, and two others did not have a number of absences and late arrivals comparable to Jordan's. The district court, therefore, properly granted summary judgment in favor of United on Jordan's discrimination claim.

## II. Hostile Work Environment

The district court correctly concluded that Jordan failed to meet the elements required to show a hostile work environment. "A hostile work environment claim requires a showing (1) that the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, and (2) that a specific basis exists for imputing the objectionable conduct to the employer." *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002).

Jordan does not explain how being disciplined for her unplanned absences and tardy arrivals created a hostile work environment. Without evidence indicating that she experienced severe or pervasive conduct, Jordan's hostile work environment claim fails. Even if discipline for violating an office policy constitutes a form of harassment, Jordan did not show that the harassment was based on her race. She offered no evidence demonstrating that she was targeted because she was black or that other, non-black employees received better treatment. Accordingly, the district court properly granted summary judgment to United on the hostile work environment claim.

### III. Retaliation

Jordan argues that she was terminated in retaliation for filing an EEOC charge alleging race discrimination. We are unpersuaded. To sustain a *prima facie* case of retaliation under Title VII, a plaintiff must demonstrate that "(1) she was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." *Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012).

Here, Jordan filed her EEOC charge on February 6, 2014, and she was terminated over a year later, on March 11, 2015. While a causal connection can be established by showing that the protected activity was closely followed in time by the adverse employment actions, the temporal nexus here—over one year—is too attenuated to establish such a connection. *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001) (noting that time periods greater than three months are insufficient to establish causal relationship); *Hollander v. Am. Cyanamid Co.*, 895 F.2d 80, 85–86 (2d Cir. 1990) (gap of approximately three months between agency complaint and retaliatory action insufficient to prove causal nexus in age discrimination case).

We have reviewed the remainder of Jordan's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court

5

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit